IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

UNITED STATES OF AMERICA,    )
                             )
v.                           )    CASE NO. CR413-114
                             )
AKEEM JAMAL EDWARDS,         )
                             )
        Defendant.           )
_____)

## O R D E R

Before the Court is Defendant Akeem Jamal Edwards's Motion
for Reconsideration (Doc. 101), which the Government has opposed
(Doc. 102). In his motion, Defendant asks the Court to reconsider
its prior order dismissing his "Motion for Order Adjusting Sentence
to Reflect Time Served While in State Custody." (Doc. 101 at 2.)
For the following reasons, Defendant's motion to reconsider his
motion (Doc. 101) is **GRANTED**. However, upon reconsideration,
Defendant's request for an order adjusting his sentence to reflect
time served while in state custody (Doc. 96) is, once again,
**DENIED**.

### BACKGROUND

On June 10, 2013, Defendant was indicted for aiding and
abetting distribution of a controlled substance in violation of 21
U.S.C. § 841(a)(1) and two counts of being a felon in possession
of a firearm in violation of 18 U.S.C. § 922(g)(1). (Doc. 3.) The
relevant offense conduct occurred on or about May 3, 2013, and May

13, 2013. (Id.) On June 12, 2013, Defendant was arrested and taken into state custody by the Savannah-Chatham Metropolitan Police Department for possession of cocaine base and driving while license suspended, CR131802, and sale of marijuana, sale of cocaine, and illegal use of a communication facility, CR131908. Edwards v. Hutchinson, No. 9:19-2785-DCC-BM, 2020 WL 3847493, at *1 (D.S.C. Jan. 28, 2020), adopted in Edwards v. Hutchinson, No. 9:19-cv-02785-DCC, 2020 WL 1872371 (D.S.C. Apr. 15, 2020); (Presentence Investigation Report ("PSR") at 1, 10-11). On July 15, 2013, Defendant was temporarily removed from state custody by the United States Marshal Service on a federal writ of habeas corpus ad prosequendum. (Doc. 22.) On February 3, 2014, while Petitioner was in federal custody via writ, his state probation related to a previous aggravated assault conviction, CR101673, was revoked in full. Edwards, 2020 WL 3847493, at *1; (PSR at 8-9).

In September 2013, Defendant pleaded guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). (Doc. 50.) On May 14, 2014, Defendant was sentenced by this Court to 120 months' imprisonment to be "served consecutively to any term of imprisonment which may be imposed upon the revocation of the probation term the defendant is . . . serving in Chatham County Superior Court Docket Number CR101673." (Doc. 72 at 2.) The Court also "recommended that the defendant receive credit toward his federal sentence for all time served in federal custody since July

15, 2013." (Id.) The sentence was silent as to whether Defendant's federal sentence was to run consecutively or concurrently to any other state sentences. (Id.) Defendant was returned to state custody following sentencing, and this Court's judgment was filed as a detainer. (Bureau of Prisons ("BOP") Retroactive Designation Letter at 1.)

Defendant was subsequently sentenced on June 5, 2014, by the Superior Court of Chatham County, Georgia, in cases CR131802 and CR131908. Edwards, 2020 WL 3847493, at *2; (BOP Retroactive Designation Letter at 1.) On January 18, 2017, Defendant's federal sentence commenced when he was paroled from his state sentence and released to the United States Marshals Service. (Doc. 99 at 13; BOP Retroactive Designation Letter at 1.)

On May 11, 2018, the Federal Bureau of Prisons ("BOP") contacted this Court for its position on retroactive designation in accordance with 18 U.S.C. § 3621(b). (BOP Retroactive Designation Letter at 2.) The BOP explained that "[s]hould the Court indicate the [federal] sentence [was] to run concurrent with the state term, the [BOP] [would] commence the sentence in the [federal] judgment on April 8, 2015, the date [Defendant's] first state sentence ended." (Id. at 2.) The Probation Office responded on this Court's behalf, indicating that Defendant's federal sentence was specifically ordered to be served consecutively to state case CR101673. (Letter from U.S. District Court Probation

3

Office on behalf of Judge Moore.) This Court denied Petitioner's request for retroactive designation regarding state case CR131908 because it involved conduct which was not part of the federal offense. (Id.) Afterwards, the BOP denied Defendant's request for a retroactive concurrent designation. (Doc. 99 at 4.) According to the Federal Bureau of Prisons' ("BOP") website, Defendant is currently incarcerated at Federal Correctional Institution ("FCI") Edgefield located in Edgefield, South Carolina, with a projected release date of July 26, 2025. See BOP Inmate Locator, Federal Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited July 15, 2022).

On April 25, 2022, Defendant filed a motion for order adjusting sentence to reflect time served while in state custody. (Doc. 96.) Therein, Defendant stated that he was sentenced by this Court on May 14, 2014, "before the date of his [s]tate confinement for a probation violation on June 9[], 2014." (Id. at 1.) He asked the Court to amend his federal sentence to reflect the 20 months he served after the completion of his state sentence while he was held on a federal detainer awaiting transport to a federal institution. (Id. at 1-2.) In Defendant's reply to the Government's motion to dismiss his motion, he clarified that he was moving to have his sentence amended pursuant to U.S.S.G. § 5G1.3(c) and that he was not moving for time-served credit. (Doc. 99 at 1.) However, having construed Defendant's motion as a motion for credit for

4

time served in state custody, the Court had already denied Defendant's motion by the time it received Defendant's reply. (Doc. 98.)

Now, Defendant asks the Court to reconsider his motion and, pursuant to U.S.S.G. § 5G3.1(c) and 18 U.S.C. § 3585(a),[1] adjust or amend his federal sentence to reflect an additional 20 months that he contends he served after his initial state sentence ended on April 8, 2015, while he was awaiting transfer to a federal institution.[2] (Doc. 101 at 2; Doc. 103 at 1.) The Government opposes Defendant's motion, arguing neither U.S.S.G. § 5G1.3(c) nor 18 U.S.C. § 3585(a) authorizes a court to amend a judgment after the original sentencing. (Doc. 102 at 4-6.) The Government further argues that that the Court lacks jurisdiction to modify Defendant's sentence and that none of the exceptions to the general prohibitions against modifying a sentence apply in this case. (Id. at 6-8.) Finally, the Government argues the District Court for the District of South Carolina has already addressed Defendant's request when it denied his 28 U.S.C. § 2241 petition. (Id. at 8-9.)

---

[1] Defendant cites to 18 U.S.C. § 3583(a) as the statute establishing when a sentence commences. The statute providing for the calculation of a term of imprisonment and the commencement of a sentence, however, is 18 U.S.C. § 3585(a).

[2] Although Defendant does not specify the significance of this date in his motions, other records reveal this is the date he claims his probation revocation sentence ended. (Doc. 99 at 9.)

5

## ANALYSIS

"[N]o statute or Federal Rule of Criminal Procedure authorizes the filing of a motion for reconsideration in a criminal case . . . ." United States v. Vives, 546 F. App'x 902, 905 (11th Cir. 2013) (per curiam). "Yet, the Eleventh Circuit has permitted the filing of motions for reconsideration in criminal cases." United States v. Bryant, No. CR 497-182, 2020 WL 421186, at *1 (S.D. Ga. Jan. 27, 2020) (citing United States v. Phillips, 597 F.3d 1190, 1199-1200 (11th Cir. 2010)). "In adjudicating motions for reconsideration in criminal cases, district courts have relied on the standards applicable to motions for reconsideration filed in civil cases pursuant to Rule 59, Federal Rules of Civil Procedure." United States v. Brown, No. 3:18-cr-89-J-34JRK, 2019 WL 7067091, at *1 (M.D. Fla. Dec. 23, 2019) (citations omitted). Typically,

> Rule 59(e), which permits a party to move for relief from a judgment, is granted only under limited circumstances. To alter or amend a judgment, the moving party must show either an intervening change in controlling law, the availability of new evidence, or the need to correct clear error or prevent manifest injustice.

Whatley v. Upton, No. 3:09-cv-0074-WSD, 2013 WL 12322087, at *2 (N.D. Ga. Oct. 9, 2013) (internal quotation marks omitted) (quoting United States v. Battle, 272 F. Supp. 2d 1354, 1357 (N.D. Ga. 2003)). While "a Rule 59(e) motion [cannot be used] to relitigate old matters, raise argument[s] or present evidence that could have

been raised prior to the entry of judgment[,]" <u>Michael Linet, Inc.</u> <u>v. Vill. Of Wellington, Fla.</u>, 408 F.3d 757, 763 (11th Cir. 2005) (citations omitted), it "gives a district court the chance . . . 'to clarify [its] reasoning or address arguments . . . passed over or misunderstood before.' " <u>De Jesus v. United States</u>, 842 F. App'x 492, 494 (11th Cir. 2021) (per curiam) (quoting <u>Banister v. Davis</u>, 140 S. Ct 1698, 1703, 1708, 207 L. Ed. 2d 58 (2020)).

Since neither the Government nor the Court addressed Defendant's newly clarified argument regarding U.S.S.G. § 5G1.3(c), the Court believes Defendant's argument merits a response. Therefore, Defendant's motion for reconsideration (Doc. 101) is **GRANTED**. However, even considering the newly clarified basis for Defendant's motion, he is not entitled to relief. Defendant seeks credit towards his federal sentence for time after April 9, 2015, while he was in state custody awaiting transport to a federal facility.[3] Based on the Court's direction that his federal sentence should be served consecutively to any term of imprisonment which may be imposed upon the revocation of the

---

[3] While Defendant contends his federal sentence began on April 9, 2015 (Doc. 103 at 1), he provides no end date for the requested time period for which he wishes to receive credit. Elsewhere in his filings, however, Defendant argues that the period between April 8, 2015, and January 18, 2017, which is 21 months, has not been properly credited towards his federal sentence. (Doc. 99 at 9.) Although Defendant asks for 20 months (Doc. 96 at 1; Doc. 101 at 2), the Court believes it is most likely this 21-month-period for which Defendant seeks credit.

probation term that Defendant was serving in CR101673 (Doc. 72 at 2), it appears that Defendant maintains his federal sentence ended on April 8, 2015, when his sentence for his state probation violation ended. (Doc. 99 at 9; Doc. 103 at 1.) First, the Court must clarify the effect of the state sentences which were imposed on June 5, 2014, after his federal sentence.[4] Even though Defendant's federal sentence was silent as to sentences for CR131802 or CR131908 that had not been imposed at that time, "[m]ultiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently." 18 U.S.C. § 3584(a). Moreover, the BOP determined retroactive concurrent designation was not appropriate for Defendant's state sentences. (Doc. 99 at 4.) The BOP explained that the jail credit Defendant was requesting after April 8, 2015, was applied to these state sentences. (Doc. 99 at 8.)

Thus, in the Court's opinion, Defendant's request is more appropriately construed as a request that his federal sentence run concurrent to his state sentence so that he receives credit against his federal sentence for the time he served on the state court sentence. Although unclear, Defendant perhaps relies upon U.S.S.G.

---

[4] Contrary to Defendant's description in his motion, he was not sentenced by this Court prior to having his state probation revoked. (Doc. 96 at 1.) Instead, Defendant was sentenced by this Court prior to being sentenced for new charges in state court cases CR131802 and CR131908 on June 5, 2014. (Doc. 99 at 12; BOP Retroactive Designation Letter at 1.)

§ 5G1.3(c) because the current version contemplates under what circumstances a federal sentence shall run concurrently with an anticipated state term of imprisonment. U.S.S.G. § 5G1.3(c) (2022). This subsection, however, was not in place at the time Defendant was sentenced. U.S.S.G. § 5G1.3(c) (2013). In any event, "[U.S.S.G. § 5G1.3's] application is for the federal sentencing court at the time of sentencing." United States v. Beamon, No. CR 405-007, 2016 WL 4098593, at *1 (S.D. Ga. July 28, 2016) (emphasis omitted). U.S.S.G. § 5G1.3 "does not provide any jurisdictional grounds . . . to challenge [a] sentence" and was "not intended to operate as an avenue for prisoners to seek relief after a sentence has been imposed." United States v. Pettiford, No. 7:04-cr-1 (HL), 2011 WL 5910509, at *1, *2 (M.D. Ga. Nov. 28, 2011); see also Middleton v. Ormond, No. 6:20-cv-66-JMH, 2022 WL 1308808, at *3 (E.D. Ky. May 2, 2022) ("As this Court (and many others) have repeatedly made clear, a reduction in sentence pursuant to U.S.S.G. § 5G1.3 . . . must be effected by shortening the defendant's sentence at the time of sentencing.") Accordingly, to the extent Defendant was originally seeking relief under U.S.S.G. § 5G1.3, his request (Doc. 96) is **DENIED**.

Further, the Government is correct that there are only narrow circumstances in which a district court can modify a sentence. (Doc. 102 at 7 n.3 (citing United States v. Stossel, 348 F.3d 1320, 1322 n.2 (11th Cir. 2003).) "As a general rule, district courts

9

'may not modify a term of imprisonment once it has been imposed.' " United States v. Roberson, 746 F. App'x 883, 886 (11th Cir. 2018) (citing 18 U.S.C. § 3582(c)). In this case, Defendant's motion does not fit within any of the circumstances justifying sentence modification under 18 U.S.C. § 3582 or Rule 35 of the Federal Rules of Criminal Procedure. (Doc. 102 at 7.)

Finally, "[t]he calculation of a term of imprisonment . . . is governed by 18 U.S.C. § 3585. Such calculations are an administrative function entrusted to the BOP, which 'initially possesses the exclusive authority . . . to compute sentence credit awards after sentencing.' " Brantley v. United States, No. 3:19-cr-0009-CAR-CHW, 2022 WL 1416747, at *2 (M.D. Ga. Mar. 29, 2022) (first quoting Rodriguez v. Lamer, 60 F.3d 745, 747 (11th Cir. 1995); and then citing United States v. Wilson, 503 U.S. 329, 335, 112 S. Ct. 1351, 1355, 117 L. Ed. 2d 593 (1992)). The Government correctly points out, and Defendant acknowledges, that the United States District Court for the District of South Carolina has already addressed Defendant's claims related to 18 U.S.C. § 3585 in its order dismissing Defendant's 28 U.S.C. § 2241 petition. Edwards, 2020 WL 3847493, at *3; (Doc. 99 at 1; Doc. 102 at 8.)

## CONCLUSION

Accordingly, for the foregoing reasons, Defendant's Motion for Reconsideration (Doc. 101) is **GRANTED**. However, upon reconsideration, Defendant's request for an order adjusting his sentence to reflect time served in state custody (Doc. 96) is **DENIED**.

SO ORDERED this __15th__ day of July 2022.

WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

11